IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kendrick Darnell Fulton, ) | C/A No.: 0:14-cv-03928-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER AND OPINION** |
| vs. ) | |
| ) | |
| Yazmin Reames, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff Kendrick Darnell Fulton ("the plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983.

This matter is before the Court on the defendant's motion for summary judgment which was filed on March 10, 2015. (ECF No. 27.) The plaintiff filed no response to the motion for summary judgment.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation. On May 4, 2015, the Magistrate Judge issued a Report and Recommendation in which she recommended that the case be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (ECF No. 36.) The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

'The authority of a court to dismiss *sua sponte* for lack of prosecution has generally

been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). As well as inherent authority, this Court may *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

The plaintiff was advised of his right to file objections to the Report and Recommendation. (ECF No. 36 at 3.) The plaintiff filed no objections, and the time for doing so expired more than four months ago. In the absence of objections to the Magistrate Judge's Report and Recommendation, this Court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 and advisory committee's note). Plaintiff has failed to comply with this Court's orders. As such, the Court finds that this case should be dismissed pursuant to Fed. R. Civ. P. 41(b).

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

/s/Bruce Howe Hendricks
United States District Judge

October 19, 2015
Greenville, South Carolina

*****

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.